UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: PG&E Corporation and Pacific Gas and Electric Company | Case No. 22-cv-02633-HSG<br><br>**ORDER REVERSING GRANT OF DRRT'S AMENDED MOTION FOR RELIEF**<br><br>Re: Dkt. No. 4 |

Before the Court is the appeal filed by Appellant PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "Debtors" or "PG&E"), of the Bankruptcy Court's *Order Granting DRRT's Amended Motion for Relief from Orders Concerning Reorganized Debtors' Eleventh and Thirteenth Securities Claims Omnibus Objections (Claims Barred by the Statute of Repose)* entered on April 8, 2022. BR Dkt. No.12126.[1] PG&E appeals the Bankruptcy Court's decision granting relief to Appellees DRRT as articulated at a hearing on March 15, 2022 (the "Hearing"). Mar. 15, 2022 Hr'g Tr. at 41. Having carefully considered the record, including the parties' briefs,[2] the Court **REVERSES** the Bankruptcy Court's grant of DRRT's Rule 60(b) motion and **REMANDS** for further proceedings consistent with this order.

**I.     BACKGROUND**

   **A.     PG&E's Bankruptcy And Chapter 11 Plan**

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court

---

[1] "BR Dkt. No." references are to the Bankruptcy Court's docket, Case No. 19-30088 (DM) (Bankr. N.D. Cal.). "Dkt. No." references are to this Court's docket.
[2] Dkt. No. 4 ("Appellant's Brief"); Dkt. No. 5 ("Appellee's Opp."); Dkt. No. 6 ("Appellant's Reply").

for the Northern District of California ("Bankruptcy Court"). Significantly, the Debtors needed to propose a plan of reorganization that satisfied the requirements of A.B. 1054. In light of the "increased risk of catastrophic wildfires," A.B. 1054 created the "Go-Forward Wildfire Fund" as a multi-billion dollar safety-net to compensate future victims of public utility fires by "reduc[ing] the costs to ratepayers in addressing utility-caused catastrophic wildfires," supporting "the credit worthiness of electrical corporations," like the Debtors, and providing "a mechanism to attract capital for investment in safe, clean, and reliable power for California at a reasonable cost to ratepayers." A.B. 1054 § 1(a).

For the Debtors to qualify for the Go-Forward Wildfire Fund, however, A.B. 1054 required, among other things, the Debtors to obtain an order from the Bankruptcy Court confirming a plan of reorganization by June 30, 2020. See A.B. 1054 § 16, ch. 3, 3292(b). After more than sixteen months of negotiations among a variety of stakeholders, and following confirmation hearings that spanned several weeks, the Debtors' Plan of Reorganization dated June 19, 2020 ("Plan") was confirmed by the Bankruptcy Court on June 20, 2020 and became effective on July 1, 2020 ("Effective Date").

### B.     The DRRT Claims Dispute

#### i.     The DRRT Claims Are Disallowed

This dispute arises from a securities class action alleging that the Debtors, as well as individual officers, directors, and underwriters, violated the federal securities laws by misleading investors about their wildfire safety practices. The DRRT Claimants are a party to the class action and filed proofs of claim based on alleged losses relating to prepetition purchases of the Debtors' debt and equity securities. Following the Debtors' joint chapter 11 plan of reorganization, the Bankruptcy Court entered an order approving the Securities Claims Procedures on January 25, 2021. BR Dkt. No.10015. The Securities Claims Procedures authorized the Debtors to file omnibus objections.

On August 3, 2021, the Debtors filed their *Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* (the "11th Omnibus Objection"). On August 18, 2021, they filed their *Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of*

*Repose)* (the "13th Omnibus Objection"). The DRRT Claimants failed to timely oppose either Omnibus Objection. Bankr. Dkt. No. 11014; Bankr Dkt. No. 11085. Accordingly, on September 9 and September 24, 2021, the Bankruptcy Court entered orders disallowing certain claims filed by DRRT Claimants based on the 11th and 13th Omnibus Objections. Bankr. Dkt. No. 11216; Bankr Dkt. No. 11315.

In response to the Bankruptcy Court's disallowance of claims, on November 18, 2021, DRRT filed its initial motion for relief. *See* Bankr. Dkt. No. 11601. DRRT then filed an amended Motion for relief on December 21, 2021. *See* Bankr. Dkt. No. 11734. DRRT's amended motion sought relief under Federal Rule of Civil Procedure 60(b)(1), as made applicable by Bankruptcy Rule 9024, arguing that its failure to respond was a result of "excusable neglect," namely its failure to "open or process the [Omnibus Objections], which were sent via regular first-class mail from the United States Postal Services (USPS), until after the respective deadline to file the objections." Bankr. Dkt. No. 11734 at 7. DRRT argued that the 11th and 13th Omnibus Objections were unsupported because they asserted only a three-year statute of repose under the Securities Act of 1933, rather than recognizing a five-year statute of repose under the Exchange Act of 1934. *See id.* at 7-8. PG&E opposed the Motion, arguing that both procedurally under Rule 60(b) and as a substantive matter, the Bankruptcy Court correctly disallowed DRRT's claims. *See* Bankr. Dkt. No. 11867.

### ii. The Bankruptcy Court Reinstates The DRRT Claims

On March 15, 2022, the Bankruptcy Court held a hearing on DRRT's request for relief from the order disallowing its claims. Mar. 15, 2022 Hr'g Tr. at 1. The Bankruptcy Court's discussion with the parties at the hearing extensively covered the merits of the challenged order as well as the parties' arguments regarding the Rule 60(b) excusable neglect factors. Counsel for PG&E repeatedly stated his position that the merits could not be reached unless and until DRRT met its burden under Rule 60(b). *See id.* at 13 (arguing that "it's interesting that we didn't hear anything [in opposing counsel's argument] about the actual basis for the motion, which is excusable neglect"), 15 (responding to Bankruptcy Court's observation that "I went back and thought, how did I even sign this order," which the court characterized as "asking for more than it

was entitled to," by noting that "this goes right to the merits of this motion which, by the way, is completely inappropriate for 60(b)"), 16-17 (arguing that "I really hate to make this about the merits of the underlying objection when we should be talking about excusable neglect"), 19 (observing that "I feel that this is a very complicated argument on the merits," and again contending that "you don't get there under 60(b)"). As part of its discussion of the merits of the underlying order, the Bankruptcy Court posed what it framed as a metaphor suggesting that it was error for PG&E to seek a disallowance of Exchange Act claims when the Omnibus Objections only sought to disallow Securities Act claims. *Id.* at 21 ("[I]f I filed a suit against you and asked for 1,000 dollars, and you didn't answer, and I submitted a default to the Court for a judgment for 10,000 dollars, that wouldn't be right, would it?").

After hearing both counsels' arguments, the Bankruptcy Court stated its view that "at the end of the day, I believe [the substance of the order] was error." *Id.* at 41. The Bankruptcy Court referenced *Pincay v. Andrews* as the legal authority governing its decision, and noted its view that *Pincay* "largely says that it is highly discretionary" and "almost cannot be reversed when it's an exercise of discretion." *Id.* at 39. In reinstating DRRT's claims, the Bankruptcy Court reasoned that "I do think 60(b)(1) might be sufficient, but the combination of my metaphor, 502(j), 60(b)(1)" supported its exercise of discretion, on the ground that "in my mind, it's just fundamentally wrong to say that the hypothetical plaintiff here, the debtor, as an objector, can't win the case on an argument that wasn't framed by the pleadings." *Id.* at 41.[3] The Bankruptcy Court said it "intentionally [did not] get into the 60(b)(3) argument, because I don't think it's necessary," and also said it was not "getting into the nitty gritty of how the DRRT's counsel ought to conduct their – run their office." *Id.* at 45.

The Bankruptcy Court instructed the parties to draft an order granting relief to DRRT and permitting DRRT to oppose the 11th and 13th Omnibus Objections. *Id.* at 45. On April 8, 2022, the Bankruptcy Court entered the order granting DRRT's Motion to reinstate its claims "insofar as they assert claims arising under Sections 10(b) and 20(a) of the Securities and Exchange Act of

---

[3] The Bankruptcy Court said it "tend[s] to be skeptical when people cite 60(b)(6)," *id.* at 39, and does not appear to have relied on that rule as a basis for its decision.

1934, as amended, and rule 10b-5 promulgated thereunder." Bankr. Dkt. No. 12126. A corrected order was entered on April 25, 2022. Bankr. Dkt. No. 12216.

On April 22, 2022, PG&E appealed. Bankr. Dkt. No. 12209.

## II.  LEGAL STANDARD

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158. The district court reviews the bankruptcy court's decision to reconsider the disallowance of the DRRT Claims for abuse of discretion. *See Nations First Cap., LLC v. Decembre (In re Nations First Cap., LLC)*, BAP No. EC-19-1201-GLB, 2020 WL 3071983, at *4 (B.A.P. 9th Cir. June 5, 2020) ("*Nations I*"), aff'd, 851 F. App'x 32 (9th Cir. 2021) ("*Nations II*"). The abuse of discretion standard "compris[es] a two-step inquiry." *Lemoge v. United States*, 587 F.3d 1188, 1192 and n.2 (9th Cir. 2009). First, the reviewing court "determine[s] de novo whether the trial court identified the correct legal rule to apply to the relief requested." *Id.* (citation omitted). Second, the reviewing court addresses whether the trial court abused its discretion, which occurs when its "application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (citation omitted); *see also Nations I* at *4 (applying standard in a bankruptcy appeal).

## III.  DISCUSSION

### A.  The Bankruptcy Court Abused Its Discretion in Granting Rule 60(b) Relief to DRRT

Because "Rule 60(b) is remedial in nature, it must be liberally applied." *Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989). Under Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In making a Rule 60(b)(1) determination, a court must apply the *Pioneer* four-factor test, considering: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in

good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

PG&E argues that the Bankruptcy Court (1) improperly considered the merits of the underlying order before finding excusable neglect under Rule 60(b), which was legal error; and (2) committed reversible error by failing to apply the mandatory *Pioneer* factors in granting relief under Rule 60(b)(1). Appellant's Brief at 14-15. While it is something of a close call based on the record, the Court disagrees that the Bankruptcy Court erred as a matter of law by addressing the merits before considering whether the requirements of Rule 60(b) were met. But the Court agrees that the Bankruptcy Court did not adequately explain its consideration of or findings regarding the *Pioneer* "excusable neglect" factors, and reverses and remands on that basis.

### i. The Court Cannot Conclude That The Bankruptcy Court Inappropriately Reviewed the Merits as a Matter of Law

A court may not base Rule 60(b) relief on the merits of the challenged order. *In re Wylie*, 349 B.R. 204, 210 (B.A.P. 9th Cir. 2006) (explaining that "the merits of [a] claim objection are no longer fair game unless the claimant first establishes a good excuse, cognizable under [Rule] 60(b), for its failure to timely contest the objection"). On appeal, PG&E contends that the Bankruptcy Court inappropriately reviewed the merits of the underlying decision and granted relief based on that review. Appellant's Brief at 18-20. While the record could have been clearer in this regard, the Court finds no per se legal error.

Without question, the Bankruptcy Court referenced the underlying order throughout the hearing, including its direct view that its ruling "was error." Mar. 15, 2022 Hr'g Tr. at 40-41. But ultimately the Bankruptcy Court identified the correct legal standard, Rule 60(b)(1), as the basis that "might be sufficient" to support granting the motion, and cited to *Pincay* (which, as noted above, discusses the *Pioneer* factors). *Id.* at 39, 41. Thus, this Court cannot say that the record establishes per se legal error. *See* Mar. 15, 2022 Hr'g Tr. at 21 ("I'm not suggesting that I skip the motion and go straight to the merits . . . .").

//

//

### ii. The Bankruptcy Court Abused Its Discretion By Not Addressing the *Pioneer* Factors

The Ninth Circuit has held that lower courts "should explicitly use the *Pioneer–Briones* framework for analysis of excusable neglect under Rule 60(b)(1)." *Lemoge*, 587 F.3d at 1192. Although not required to specifically articulate the *Pioneer* standard, courts must at least engage with the equitable factors identified in that case. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (reversing because district court did not "mention the equitable test established by *Pioneer*" and did not apply three of the four *Pioneer* factors); *see also Lemoge*, 587 F.3d at 1194 (reversing because district court did not address the fourth *Pioneer* factor, good faith, which the court determined was not an "irrelevancy" to the matter); *In re Jensen*, No. BAP CC-13-1606, 2015 WL 1019557, at *4 (B.A.P. 9th Cir. Mar. 10, 2015) (reversing Bankruptcy Court's Rule 60(b)(1) finding because it did not "specifically address the *Pioneer–Briones* factors in the course of making its decision").

On appeal, PG&E contends that the Bankruptcy Court did not engage in the required analysis of the *Pioneer* factors. Appellant's Brief at 20-21. The Court agrees. The Bankruptcy Court never made an actual finding of "excusable neglect," or discussed why such a finding was appropriate under the four *Pioneer* factors. Ultimately, the Bankruptcy Court concluded that *Pincay* allows "highly discretionary" decision-making, Mar. 15, 2022 Hr'g Tr. at 39, then used that discretion to reject PG&E's "fundamentally wrong" substantive argument without explaining how DRRT made the showing of excusable neglect that was required at the threshold to grant Rule 60(b)(1) relief. The parties' own arguments throughout the hearing referencing the Rule 60(b) factors were not sufficient to satisfy the Bankruptcy Court's duty to analyze those factors and make findings under *Pioneer*, and neither were the references to some but not all of the factors that the Bankruptcy Court discussed in passing without making findings. *See id.* at 40 (determining that as "the issue was framed… it would have been preferable if COVID hadn't happened, or since COVID did happen, that DRRT's counsel had some more failsafe procedures in place"). Significantly, the Bankruptcy Court said it was not getting into the "nitty gritty of how the DRRT's counsel ought to . . . run their office," *id.* at 45. But whether the delay was reasonable was one of the central issues raised by the excusable neglect argument, so it is not clear to this

7

Court how Rule 60(b) relief could be granted without, among other things, assessing the factual merits of DRRT's proffered excuse for failing to file timely objections.

The Court thus finds that the Bankruptcy Court abused its discretion in not adequately addressing the *Pioneer* factors and making findings. *See Lemoge*, 587 F.3d at 1193 (finding abuse of discretion where "the substance of the district court's analysis wholly omitted discussion of one of the four [*Pioneer*] factors"); *Bateman*, 231 F.3d at 1224 (finding abuse of discretion where reasons given by district court addressed only the reason for delay prong of *Pioneer*, and "made no mention of the other three"). Because the Bankruptcy Court did not engage with those factors as required by Ninth Circuit precedent, the Court reverses the Bankruptcy Court's grant of DRRT's motion, and remands for the Bankruptcy Court to engage in the required analysis in the first instance.

## IV.  CONLCUSION

The Court **REVERSES** and **REMANDS** for further proceedings consistent with this order.[4]  The Clerk is directed to remand this appeal to the California Northern Bankruptcy Court and close the case.

**IT IS SO ORDERED.**

Dated:     4/24/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] The Bankruptcy Court did not make any findings with respect to DRRT's Rule 60(b)(6) argument, and expressly declined to reach its Rule 60(b)(3) argument. *See* Mar. 15, 2022 Hr'g Tr. at 41, 45.  On remand, if either of these rules forms the basis for granting or denying relief, the Bankruptcy Court should articulate how, consistent with Ninth Circuit precedent.